IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY J. SCHEUER<br>1346 W. 64th Street<br>Cleveland, Ohio, 44012<br><br>　　　　　Plaintiff<br><br>　　　v.<br><br>BLUESKY HEALTHCARE INC.<br>d.b.a Sprenger Health Care Systems<br>c/o Nicole Sprenger<br>3905 Lorain Avenue<br>Lorain, Ohio, 44053<br><br>　　-and-<br><br>OHIO SENIOR CARE, LLC<br>c/o Marie Grosh<br>25920 Elm Street<br>North Olmsted, Ohio, 44138<br><br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff, Mary Scheuer, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

### INTRODUCTION

1. Scheuer brings this action against Defendants Bluesky Healthcare, Inc. ("Bluesky") and Ohio Senior Care, LLC ("OSC") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law," or "OWL"), O.R.C. §§ 4111.15 *et seq*. The following allegations are based upon information and belief, or personal knowledge as to Plaintiffs' own conduct and the conduct and acts of others.



## PARTIES

2. Scheuer is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

3. Bluesky is an Ohio corporation with its principle place of business located in the city of Lorain, county of Lorain, state of Ohio.

4. Bluesky operates under the trade name "Spenger Health Care Systems."

5. OSC is an Oregon corporation lawfully licensed to conduct business in Ohio.

6. OSC owned, leased, and/or operated the Village of the Falls Assisted Living Community located at 25920 Elm Street in Olmsted Falls, Ohio, 44138 ("Village of the Falls") until approximately October of 2016.

7. Bluesky has owned, leased, and/or operated the Village of the Falls since approximately October of 2016.

8. At all times so referenced in the Complaint, each Defendant was engaged in related activities performed through unified operation of common control for a common business purpose.

9. At all times so referenced in the Complaint, each Defendant constituted a single enterprise within the meaning of section 3(r) of the FLSA.

10. At all times referenced in the Complaint, each Defendant constituted an enterprise within the meaning of section 3(r) of the FLSA because each is in the business of providing medical or nursing care for residents of the Village of the Falls.

## JURISDICTION AND VENUE

11. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Scheuer is alleging a federal law claim arising under the FLSA, 29 U.S.C. § 201, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331. Additionally, this Court has supplemental jurisdiction over Scheuer's state law claims under 28 U.S.C. § 1367.



12. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business.

## FACTS
### Scheuer's Employment With Defendants.

13. During all times material to this complaint, Scheuer is and/or was an employee of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

14. Prior to Scheuer's employment with Bluesky, she was employed by OSC.

15. Scheuer was originally hired by OSC on or around July 15, 2009 as both a Caregiver and as a Dietary cook.

16. Throughout Scheuer's employment, OSC required her to clock-in and clock-out on separate times cards for work she performed as Caregiver, and for work she performed as a Dietary Cook during the same week.

17. Between her two time cards, Scheuer routinely worked in excess of forty (40) hours per week.

18. OSC did not pay Scheuer overtime at a rate of time and one half for any hours she worked over forty (40) in a given week.

19. OSC paid Scheuer a flat rate of $12.67 per hour for all hours worked, and issued her separate checks for the hours worked in each position.

20. OSC failed to pay Scheuer overtime even when she worked in excess of forty (40) hours in only one of her positions.

21. OSC intentionally and willfully required Scheuer to report her time on two time cards in order to deprive Scheuer of overtime compensation she was otherwise entitled to.



The Employee's Attorney.™

### OSC's Business Operations Are Acquired By Bluesky In Or Around October Of 2016

22. Upon information and belief, in or around October of 2016, Bluesky acquired with, merged, and/or purchased OSC, assuming all of its assets and liabilities with regards to the Village of the Falls.

23. At all times hereinafter mentioned, Bluesky had notice of OSC's violations of the FLSA and the OWL.

24. Following Bluesky's acquisition of OSC, there was a substantial continuity of the business operations of OSC at the Village of the Falls.

25. Bluesky owns, leases, and/or operates the same Village of the Falls facility that was owned, leased, and or operated by OSC.

26. Bluesky retained substantially the same workforce as was employed by OSC.

27. Bluesky retained substantially the same supervisory staff as was employed by OSC.

28. The same jobs exist under Bluesky's ownership and/or management of Village of the Falls as existed under OSC's ownership and/or management.

29. Bluesky uses the same machinery, equipment and methods of production, and provides the same services, as did OSC.

30. Shortly after Bluesky took over operations of the Village of the Falls, it ceased OSC's unlawful pay practices toward Scheuer, and reduced Scheuer's hours to less than forty (40) per week.

31. Despite Bluesky's discontinuation of OSC's unlawful pay practices, it is liable for the damages caused to Scheuer by OSC's violations of the FLSA and the OWL as OSC's successor.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Scheuer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



33. During all times material to this complaint, Scheuer was not exempt from receiving the minimum wage or overtime under the FLSA because, *inter alia*, she was not an "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, *et seq*.

34. During all times material to this complaint, Scheuer was not exempt from receiving the minimum wage or overtime under the FLSA because she was paid an hourly rate, rather than a salary of at least $455.00 per week.

35. During all times material to this complaint, OSC failed to pay Scheuer overtime for all hours worked over forty (40) as prescribed by 29 U.S.C. § 206.

36. During all times material to this complaint, OSC willfully and/or intentionally violated 29 U.S.C. § 206.

37. In violating the FLSA, OSC acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

38. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Scheuer for the full amount of the required overtime rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

**COUNT II: VIOLATION OF THE OHIO WAGE ACT**

39. Scheuer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

40. The Ohio Wage Act requires that covered employees be compensated at a rate of one and one-half hours for all hours worked in excess of forty (40) in a workweek. *See* O.R.C. §§ 4111.01, *et seq*.

41. During all times material to this complaint, OSC was a covered employer required to comply with the Ohio Wage Act's mandates.



The Employee's Attorney.™

42. During all times material to this complaint, Scheuer was a covered employee entitled to individual protection of Ohio Wage Act.

43. OSC violated the Ohio Wage Act with respect to Scheuer by, *inter alia*, failing to pay Scheuer overtime for all hours worked in excess of forty (40) per week.

44. In violating the Ohio Wage Act, OSC acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

45. As a direct and proximate cause of Defendants' conduct, Defendants are liable to Scheuer for the full amount of the required overtime rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Mary Scheuer request judgment against Defendants Bluesky Health Care Inc. and Ohio Senior Care, LLC:

(a) Awarding to Scheuer unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Scheuer costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Scheuer any such other and further relief as the Court deems just and proper;

(d) An injunction prohibiting Defendants from engaging in future violations of the FLSA, or the Ohio Wage Act; and

(e) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.



Respectfully submitted,

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Mary Sheuer*

# JURY DEMAND

Plaintiff Mary Scheuer demands a trial by jury by the maximum number of jurors permitted.

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

